FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 03, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>ANTONIO AGUILAR-LOPEZ,<br><br>               Defendant. | CASE NO. 2:10-CR-06018-EFS-1<br><br>**ORDER DENYING DEFENDANT'S PETITION FOR WRIT OF ERROR CORAM NOBIS**[1] |

Before the Court, without oral argument, are Defendant Antonio Aguilar-Lopez's "Motion to Modify Term of Imprisonment and Request for Assignment of Counsel," ECF No. 280, and "Petition for an Order to Re-open Criminal Case Under Writ of Error Coram Nobis," ECF No. 279. For the following reasons, the Court denies both requests.

### I.    FACTS AND PROCEDURAL HISTORY

On February 23, 2012, the Court sentenced Mr. Aguilar-Lopez to 240 months' imprisonment after he was convicted of Manufacturing a Controlled Substance (Marijuana) and Aiding and Abetting in violation of 21 U.S.C. § 841(a)(1). ECF No. 211. That sentence of 240 months was

---

[1] The Court notes that Mr. Aguilar-Lopez's "Petition for an Order to Re-open Criminal Case Under Writ of Error Coram Nobis," ECF No. 279 in this case, also referenced another of his criminal cases, No. 2:09-cr-06045-EFS-1. As that case involves different facts, the Court will enter a separate, contemporaneous order in that case.

ORDER - 1

the statutory minimum, based on the quantity of drugs and the fact that Mr. Aguilar-Lopez had an Idaho state conviction in 2007 that qualified as a "prior conviction for a felony drug offense." *See* 21 U.S.C. § 841(b)(1)(A)(vii). Mr. Aguilar-Lopez's sentence was affirmed on appeal *See* ECF No. 240. Mr. Aguilar-Lopez subsequently challenged his sentence by means of a motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 257, and a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), ECF No. 263, but was unsuccessful, *see* ECF Nos. 261 & 264.

## II. MOTION TO MODIFY SENTENCE AND ASSIGN COUNSEL (ECF NO. 280)

Mr. Aguilar-Lopez asks the Court to modify his sentence based on a recent decision issued by the Ninth Circuit Court of Appeals, *United States v. Ocampo-Estrada*, 873 F.3d 661 (9th Cir. 2017). ECF No. 280 at 1. In the alternative, Mr. Aguilar-Lopez asks that the Court appoint counsel to assess whether he is entitled to relief under *Ocampo-Estrada*.

In *Ocampo-Estrada*, the Ninth Circuit held that California Health & Safety Code section 11378 is a divisible statute, for which the modified categorical approach may be used. There, the Ninth Circuit vacated that defendant's sentence because it had been enhanced based on a prior felony drug conviction but the government had failed to prove that the offense in question met the federal definition of a "felony drug offense." *Ocampo-Estrada*, 873 F.3d at 663-64. Mr. Aguilar-Lopez argues that based on the holding in *Ocampo-Estrada*, his own sentence should be vacated because it was similarly enhanced based on a state "felony drug offense." ECF No. 280 at 1.

To challenge his sentence in this manner, Mr. Aguilar-Lopez must bring a motion pursuant to § 2255. *See* 28 U.S.C. § 2255. As mentioned

ORDER - 2

above, however, Mr. Aguilar-Lopez has already brought multiple § 2255 motions,[2] and he has not demonstrated compliance with § 2255(h), which states,

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>     (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>     (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* Rules Governing Section 2255 Proceedings, Rule 9 ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . .").

Further, Mr. Aguilar-Lopez has not suggested how the divisibility of a California statute would affect the validity of his Idaho state conviction. *See* ECF No. 238 at 73. And — even assuming that *Ocampo-Estrada* established a new rule of constitutional law that was previously unavailable, and further assuming that such a rule could affect Mr. Agular-Lopez's Idaho conviction — Mr. Aguilar-Lopez would not be

---

[2] Mr. Aguilar-Lopez originally challenged his sentence under § 2255 in June 2014, see ECF No. 246, but subsequently withdrew that motion, *see* ECF Nos. 250 & 251. In March 2015, Mr. Aguilar-Lopez filed another motion under § 2255, which the Court dismissed for failure to satisfy the one-year limitation period under § 2255(f). *See* ECF Nos. 259 & 261. On February 13, 2017, Mr. Aguilar-Lopez brought another motion pursuant to § 2255, challenging the constitutionality of 21 U.S.C. § 851 as being an illegal bill of attainder. *See* ECF No. 274. The Court denied that motion because it lacked the requisite certification by the Ninth Circuit. ECF No. 276.

ORDER - 3

entitled to relief. The reason for this is simple: any rule announced in *Ocampo-Estrada* was not "made retroactive to cases on collateral review by the *Supreme Court*." 28 U.S.C. § 2255(h)(2) (emphasis added). In short, Mr. Aguilar-Lopez has failed to satisfy the procedural requirements of 28 U.S.C. § 2255(h) and his substantive arguments lack merit. The Court therefore declines to appoint counsel, *see* 28 U.S.C. § 2255(g), and denies Mr. Aguilar-Lopez's motion to modify his sentence.

### III. <u>MOTION FOR WRIT OF CORAM NOBIS (ECF NO. 279)</u>

Mr. Aguilar-Lopez also asks that the Court vacate his conviction and sentence "due to constitutionally ineffective assistance of counsel." ECF No. 279 at 1. Mr. Aguilar-Lopez contends that his 2007 Idaho conviction — which served to enhance his sentence in this case — should be vacated because his defense counsel at the time failed to file a notice of appeal and did "little or nothing" to seek the return or nearly $70,000 in seized funds. ECF No. 279 at 12. Mr. Aguilar-Lopez also claims that the Idaho district court failed to advise him regarding the legal consequences of pleading guilty and what his appellate rights entailed. *See* ECF No. 279 at 7.

**A.    Applicable Law**

A writ of error coram nobis "provides a remedy for those suffering from lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989) (internal quotation marks omitted). In federal court, coram nobis is an extraordinary writ, used only to review the most fundamental of errors. Such writs are available "only to the extent that they fill 'gaps' in

ORDER - 4

the current systems of post-conviction relief." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2000). As such, to warrant coram nobis relief, a defendant must establish that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). Failure to meet any one of these requirements bars a defendant from relief. *Id.*

A defendant who is still in custody cannot satisfy the first requirement because the more usual remedy of a habeas petition is available. *See id.* at 760-61 ("[A]ppellate courts . . . have consistently barred individuals in custody from seeking a writ of error coram nobis."); *see also Valdez-Pacheco*, 237 F.3d at 1080 (noting that if a challenge is cognizable as a motion under 28 U.S.C. § 2255, there is no "gap" to fill in post-conviction remedies). Further, a defendant may not resort to coram nobis merely because he has failed to timely file a habeas petition. *See Matus-Leva*, 287 F.3d at 760. Stated differently, a defendant cannot circumvent the restrictions found in § 2255(h) simply by styling a § 2255 motion as a petition for a different writ. *See Valdez-Pacheco*, 237 F.3d at 1080.

**B.     Analysis**

As a preliminary matter, this Court finds it lacks jurisdiction to review the validity of Mr. Aguilar-Lopez's Idaho conviction. Mr. Aguilar-Lopez cannot challenge his state conviction in this Court by means of a writ of coram nobis. *See Hensley v. Municipal Court*, 453

F.2d 1252, 1252 n.2 (9th Cir. 1972) ("Coram nobis lies only to challenge errors occurring in the same court."), *rev'd on other grounds*, 411 U.S. 345 (1973). Nor can Mr. Aguilar-Lopez attack his Idaho conviction by means of a § 2255 motion. *Daniels v. United States*, 532 U.S. 374, 382 (2001) ("The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.").

As to his sentence in this case, Mr. Aguilar-Lopez does not identify any gap in available post-conviction remedies that would justify the use of the extraordinary writ of coram nobis. Although Mr. Aguilar-Lopez did not label his motion as being brought under 28 U.S.C. § 2255, the issues raised therein could arguably be brought pursuant to 28 U.S.C. § 2255. Indeed, Mr. Aguilar-Lopez has previously claimed ineffective assistance of counsel via a § 2255 motion. *See* ECF No. 257. Mr. Aguilar-Lopez may not circumvent the statutory limitations on § 2255 claims by styling a § 2255 motion as a petition for a writ of coram nobis. And, as discussed above, Mr. Aguilar-Lopez has not satisfied the procedural requirements to file a successive § 2255 motion. Therefore, the Court denies Mr. Aguilar-Lopez's petition for a writ of error coram nobis.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant Antonio Aguilar-Lopez's "Petition for an Order to Re-open Criminal Case Under Writ of Error Coram Nobis," **ECF No. 279**, is **DENIED**.

| | | |
|---|---|---|
| **2.** | Defendant Antonio Aguilar-Lopez's "Motion to Modify Term of Imprisonment and Request for Assignment of Counsel," **ECF No. 280**, is **DENIED**. |
| **3.** | The Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c) (allowing such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right"). |
| **4.** | The Clerk's Office is **DIRECTED** to **CLOSE** this file. |
| **5.** | The Clerk's Office is **DIRECTED** to **CLOSE** the corresponding civil case, **No. 4:17-CV-05013-EFS**. |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant and all counsel.

**DATED** this \_\_\_3rd\_\_\_\_ day of January 2018.

s/Edward F. Shea\_ \_\_
EDWARD F. SHEA
Senior United States District Judge
