FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO AGUILAR-LOPEZ,<br><br>Defendant. | No. 2:10-cr-06018-EFS<br>[4:15-cv-05030-EFS]<br><br>**ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION** |

On October 5, 2018, Defendant Antonio Aguilar-Lopez filed "Petitioner's Memorandum Brief Motion Reply to the Government's Order Denying Defendant's Petition for Writ of Error Coram Nobis § 1651 Pursuant Motion § 2255(F)(1)–(4), was Untimely Motion Which Should Be Summarily Dismissed (Ineffective Assistance of the Counsel)," ECF No. 283. The Court notes that Mr. Aguilar-Lopez uses the term "Writ of Error of Coram Nobis," in the title of his brief. *Id.* However, his arguments do not correspond to the Court's Order denying Mr. Aguilar-Lopez's Petition for Writ of Coram Nobis, ECF No. 280. *See generally* ECF No. 283. Instead, he reiterates the same arguments he presented in his 2015 "Motion to Vacate, Set Aside, or Correct

Sentence Under 28 U.S.C. § 2255," ECF Nos. 257, 260.[1] He also cites to and challenges the Court's Order denying the same, ECF No. 261. *See* ECF No. 283. The Court therefore construes the October 5, 2018 brief as a Motion for Reconsideration of ECF No. 261.[2]

On December 21, 2018, Mr. Aguilar-Lopez filed a "Memorandum Brief Motion Supplement of his Reply to the Government Order Denying for Writ of Error Coram Nobis § 1651 Pursuant § 2255 Motion (F)(1)–(4), was Untimely his Reply was Submitted on October 2, 2018 As Granted Relief–(Ineffective Assistance of the Counsel)."[3] ECF No. 285. This filing is an exact copy of a previous motion Mr. Aguilar-Lopez entered for leave to file a successive § 2255 petition in cause number 2:09-CR-06045-EFS. *See id*; *see also* 2:09-CR-06045-EFS, ECF No. 148. However, the title of the document states that it is a "supplement" to the brief that contains a similar title as the construed Motion for Reconsideration, and it references the Motion's signing date. *See* ECF Nos. 283, 285. Therefore, the Court

---

[1] Mr. Aguilar-Lopez originally submitted the relevant § 2255 Motion on March 30, 2015. ECF No. 257. On May 5, 2015, the Court ordered Mr. Aguilar-Lopez to supplement his motion to include information supporting equitable tolling of § 2255(f)'s one-year filing requirement, and warned that if he failed to do so his motion would be dismissed as untimely. ECF No. 259. On July 20, 2015, Mr. Aguilar-Lopez responded to the Court's Order by filing the exact same § 2255 motion again with no added information. ECF No. 260. The Court then dismissed the § 2255 motion as untimely. ECF No. 261.

[2] The Court is further persuaded that it should construe this as a Motion for Reconsideration because Mr. Aguilar-Lopez notes in his Supplement that this brief was "made in consideration under Rule 59(e)," which governs motions for reconsideration. ECF No. 285 at 4.

[3] Mr. Aguilar-Lopez originally filed this Supplement in his other case number, 2:09-CR-06045-EFS. *See* 2:09-CR-06045-EFS, ECF No. 152. However, because he specifically references his "October 2, 2018" brief, which was the signing date for his construed Motion for Reconsideration in the present case number, the Court has filed the Supplement in the present matter as well. *See* ECF

construes the brief, ECF No. 285, as a supplement to the construed Motion for Reconsideration, ECF No. 283.

Federal Rule of Civil Procedure 59(e) states that a motion to amend or reconsider a judgment "must be filed no later than 28 days after the entry of the judgment." The Court's Order denying Mr. Aguilar-Lopez's § 2255 motion was docketed on July 23, 2015—over three years ago. ECF No. 261. The Court therefore declares Mr. Aguilar-Lopez's construed Motion for Reconsideration to be untimely.[4]

Even if Mr. Aguilar-Lopez's Motion for Reconsideration was timely, reconsideration is an "extraordinary remedy" that should not be granted absent "highly unusual circumstances," such as where (1) newly discovered evidence has emerged; (2) the Court committed clear error; or (3) there was an intervening change in the controlling law. *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Mr. Aguilar-Lopez has not demonstrated such unusual circumstances. As such, and for the reasons stated above, the Court denies Mr. Aguilar-Lopez's construed Motion for Reconsideration, ECF No. 283.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Antonio Aguilar-Lopez's "Petitioner's Memorandum Brief Motion Reply to the Government's Order Denying Defendant's Petition for Writ of Error Coram Nobis § 1651 Pursuant Motion § 2255(F)(1)–(4),

---

[4] Even assuming Mr. Aguilar-Lopez *is* responding to the Court's Order Denying Petition for Writ of Error Coram Nobis, ECF No. 281, Mr. Aguilar-Lopez's motion is still untimely. The Court's Order was filed on January 3, 2018. ECF No. 281. Mr. Aguilar-Lopez filed his construed Motion for Reconsideration on October 5, 2018, which is significantly past the 28-day deadline. ECF No. 283.

was Untimely Motion Which Should Be Summarily Dismissed (Ineffective Assistance of the Counsel)," **ECF No. 283,** is **CONSTRUED** as a Motion for Reconsideration and is **DENIED.** This file shall remain **CLOSED.**

2. The Clerk's Office is directed to **ENTER JUDGMENT pursuant to Federal Rule of Civil Procedure 58(a), for the United States, in the related civil file, No. 4:15-cv-05030-EFS.** The civil file shall remain **CLOSED.**

3. The Court **DECLINES** to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and to provide copies to Mr. Aguilar-Lopez and the United States Attorney's Office for the Eastern District of Washington.

**DATED** this  26th  day of December 2018.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Criminal\2010\10-cr-6018;Aguilar-Lopez.Deny Mtn for Reconsideration.LC01.docx
Order Denying Motion for Reconsideration— Page **4** of 4